**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4403

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

TERRANCE LAMAR WIGGINS, a/k/a T-Wig, a/k/a Barnwell,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Margaret B. Seymour, Senior District Judge. (1:12-cr-00333-MBS-1)

Submitted:  June 30, 2014            Decided:  July 15, 2014

Before WYNN and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John M. Ervin, III, ERVIN LAW OFFICE, Darlington, South Carolina, for Appellant.  Julius Ness Richardson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Lamar Wiggins was convicted, after a jury trial, of one count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012), and one count of felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g) (2012).  The district court sentenced Wiggins to life imprisonment on the conspiracy count, 120 months on the felon in possession count, to be served concurrently, and sixty months consecutive on the § 924(c) count.  On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in denying Wiggins's motion for judgment of acquittal on the § 924(c) count.  Wiggins was advised of his right to file a pro se supplemental brief, but has not filed a brief.  The Government declined to file a brief.

This court reviews de novo the district court's denial of a Rule 29 motion.  United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011).  "If there is substantial evidence to support the verdict, after viewing all of the evidence and the inferences therefrom in the light most favorable to the

2

Government, the court must affirm." United States v. Penniegraft, 641 F.3d 566, 572 (4th Cir. 2011) (internal quotation marks omitted). "Substantial evidence is that evidence which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Al Sabahi, 719 F.3d 305, 311 (4th Cir. 2013) (internal quotation marks omitted), cert. denied, 134 S. Ct. 464 (2013). The court does not "review the credibility of the witnesses and assume[s] that the jury resolved all contradictions in the testimony in favor of the government." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007).

In order to prove the § 924(c) violation charged in the indictment, the Government was required to establish that: (1) Wiggins possessed a firearm, and (2) "that the possession . . . furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). "[T]here are many factors that might lead a fact finder to conclude that a connection existed between a defendant's possession of a firearm and his drug trafficking activity." Id. These include the "type of drug activity . . . being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug

3

profits, and the time and circumstances under which the gun is found." Id. (internal quotation marks omitted).  Our review of the record leads us to conclude that the evidence was sufficient to sustain the jury's verdict and the district court did not err in denying Wiggins's motion for judgment of acquittal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Wiggins's convictions and sentence. This court requires that counsel inform Wiggins, in writing, of the right to petition the Supreme Court of the United States for further review.  If Wiggins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Wiggins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED