UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

United States of America

v.                                                                    Case No. 12-cr-333

Terrance Lamar Wiggins

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION UNDER 28 USC § 2255**

<u>Ground One:</u>    Defendant received ineffective assistance of counsel when his attorney advised him to submit to a proffer session and then allowed those proffered statements to be introduced against him at trial.

The Sixth Amendment to the U.S. Constitution guarantees that criminal defendants are entitled to the assistance of counsel in presenting their defense. The High Court has stated, "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 374 (1986). Furthermore, the Court has recognized that "the right to counsel is the right to *effective* assistance of counsel." <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970) (emphasis added).

To succeed on a claim of ineffective assistance of counsel, a defendant must show that his "counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just

1

result." Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2055, 2063 (1984). The Strickland Court went on to hold that in order for a defendant to prevail on an ineffective assistance of counsel claim, he must satisfy a two-prong test. Id.; see also Davis v. Secretary for the Dept. of Corrections, 2003 U.S. App. LEXIS 16733 (11th Cir. 2003). A defendant should demonstrate that the representation he received "fell below an objective standard of reasonableness" and "a reasonable probability that but for counsel's unprofessional errors, the results of the proceedings would have been different." Strickland, 466 U.S. at 688, 694.

A court reviewing a claim of ineffective assistance must determine whether a reasonable probability exists that, but for counsel's unprofessional errors, the results of the proceedings would have been different or whether the result was fundamentally unfair or unreliable. Id., *citing* Lockhart v. Fretwell, 113 S.Ct. 838 (1993). Ultimately, the Strickland test requires courts to focus upon whether counsel's performance was sufficient to ensure the fundamental fairness of the proceeding. Id. However, the prejudice that must be shown need not be anything more than something as small as one additional day in jail. *See* Glover v. United States, 531 U.S. 198 (2001).

In the instant case, the facts demonstrate that counsel's conduct fell below

an objective standard of reasonableness when counsel advised the Defendant to submit to a proffer interview, but failed to insure that a proffer agreement was in place that would have prohibited the government from later using Defendant's statements against him at trial. In the absence of a proffer agreement, counsel's failure to advise Defendant that the statements made during the interview could be used against him also fell below an objective standard of reasonableness. Counsel's failures also prejudiced the Defendant because the statements were, in fact, used against him at trial. Accordingly, because Defendant received ineffective assistance of counsel, his conviction must be vacated.

**Ground Two:** **Defendant's Fifth Amendment rights were violated when the trial court permitted self incriminating statements made during a proffer interview to be used against him at trial.**

In <u>United States v. Kastigar</u>. 406 US 441, 92 SCt 1653 (1972), the Supreme Court found that, when a defendant was given immunity from the use of his testimony against him, that if information was attempting to be utilized which the defendant had spoken about, the Government was required to prove that the information had come from a source totally separate and independent from the defendant's testimony or debriefing. 92 S.Ct. at 1665 (When a defendant has provided information with a grant of immunity under 18 U.S.C. § 6002, he "shift[s] to the government the heavy burden of proving that all of the evidence it

proposes to use [against him] was derived from legitimate independent sources." )

In the case of United States v. Fant, 974 F.2d 559 (4th Cir. 1992), the defendant had been debriefed by the government. The government used information from that debriefing to enhance the defendant's sentence under § 3C1.1. The Court found that use of the information was in violation of the immunization clause and reversed for a new sentencing. Id. at 564-565.

Similarly, in United States v. Marsh, 963 F.2d 72 (5th Cir. 1992), the PSR utilized some proffered information in enhancing the defendant's sentence for money laundering, adding points for amounts of money the defendant informed the probation office about. Id. at 73. The Fifth Circuit determined that use of the defendant's testimony for such purposes was a violation and held that the government was required to prove an independent basis for the information before it could be used to enhance the defendant's sentence. Id.

In the instant case, the Defendant submitted to a proffer interview upon the advice of his attorney. Defendant submitted to the interview because he understood that his statements could not be used against him. The Defendant did not enter a plea agreement, but elected to proceed to trial. At the trial, the self incriminating statements made by the Defendant during the interview were introduced by the government against the Defendant. As such, Defendant's Fifth

Amendment privilege against compulsory self-incrimination was violated and his conviction should be vacated. Kastigar, *supra*.

**Ground Three:** **Defendant's right to conflict free representation was violated when counsel was a witness to the proffer interviews and, therefore, should have been called as witnesses at Defendant's trial concerning the statements made during the proffer interviews.**

Pursuant to the Sixth Amendment, criminal defendants are entitled to the assistance of counsel. United States v. Garey, 540 F.3d 1253, 1262 (11th Cir. 2008) (en banc). "[T]he right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment.[.]" Wheat v. United States, 486 U.S. 153, 159-60, 108 S. Ct. 1692, 1697, 100 L. Ed. 2d 140 (1988). "[A] criminal defendant has a presumptive right to counsel of choice and courts should hesitate to disqualify defense counsel." Ross, 33 F.3d 1507, 1522-23 (citing Wheat, 486 U.S. at 164, 108 S. Ct. at 1700). However, in cases of multiple representation of criminal defendants in related matters, a conflict of interest may exist, which could cause an attorney to be disqualified. Id.

A fully informed client may voluntarily waive the consequences of his attorney's conflict of interest; but, a court is not required to accept the waiver in instances where the conflict impairs the ability of counsel to provide effective representation. Wheat, 486 U.S. at 162. See, United States v. Garcia, 447 F.3d

5

1327 (11th Cir. 2006). "The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial." Ross, 33 F.3d at 1523 (cites omitted).

In this case, facts demonstrating that there was an actual or potential conflict "that could have impeded the trial and undermined the integrity of the judicial system" were present. See Ross 33 F.3d at 1524. Defense counsel was a witness to the Defendant's proffer interview. The government later claim that the Defendant was not truthful during the interview, which was a matter of dispute. Then, the Government introduced the incriminating statements made by the Defendant at trial. Defendant's attorney could have, and should have been called as a witness to refute the Government's version of the proffer interviews. However, counsel could not serve as both a witness and the Defendant's attorney of record. Thus, Defendant was denied his right to conflict free representation under the Sixth Amendment. Further, he was never afforded the opportunity waive the conflict because he was never informed that a conflict existed.

Because Defendant's right to counsel was denied, he asked this Court to vacate his conviction.

**Ground Four:** Defendant's sentence must be vacated because recent Supreme Court precedent demonstrates that he should not have received the Career Offender enhancement under USSG § 4B1.1.

The Supreme Court recently shattered more than 30 years of precedent when it held that the residual clause under the Armed Career Criminal Act (ACCA) was unconstitutionally vague. Johnson v. United States, 192 L. Ed. 2d 569, 2015 WL 2473450 (U.S. 2015) The Court noted that "the Government violates th[e] guarantee [of due process] by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or is so standardless that it invites arbitrary enforcement." Johnson v. United States, 192 L. Ed. 2d 569, 2015 WL 2473450, at *4 (U.S. 2015). A statute violates due process if ordinary people are not provided fair notice of the conduct it punishes, or is so standardless that it invites arbitrary enforcement." Johnson v. United States, 192 L. Ed. 2d 569, 2015 WL 2473450, at *4 (U.S. 2015). Imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), violates the Constitution's guarantee of due process because "the indeterminacy of the wide-ranging inquiry required by the residual clause denies fair notice to defendants and invites arbitrary enforcement." 192 L. Ed. 2d 569, id. at *5

There is a long list of Supreme Court cases and opinions documenting the inherent problems in penalizing a defendant based on the type and quality of a defendant's prior record (<u>Taylor 1990</u>, <u>Shepard</u>, <u>Begay</u>, <u>Carachuri-Rosendo</u>, <u>Johnson 2010</u>, <u>Descamps</u>, <u>Johnson 2015</u>, etc...). These Supreme Court cases create a ripple effect throughout the federal court system, with a multitude of appellate and district court cases each applying those Supreme Court decisions in varying degrees. Like the Court recognized in <u>Johnson</u>, the "indeterminacy of the wide ranging inquiry required" to apply criminal history enhancements, such as the Armed Career Criminal or Career Offender enhancements, violates due process because it "denies fair notice to defendants and invites arbitrary enforcement." <u>Id</u>.

In <u>Burrell v. United States</u>, 384 F.3d 22, 31 (2d Cir. 2004), the Second Circuit found that a conviction for sale of a controlled substance "under the Connecticut Statute cannot categorically qualify as a "controlled substance offense" within the meaning of Guidelines § 4B1.2(b) because the Connecticut Statute criminalizes some conduct that falls outside the Guidelines' definition." "[A] mere offer to sell, absent possession, does not fit within the Guidelines' definition" of a controlled substance offense." <u>United States v. Price</u>, 516 F.3d 285, 288-89 (5th Cir. 2008). An offer to sell can be fraudulent, such as when one offers to sell the Brooklyn Bridge. See <u>Palacios-Quinonez</u>, 431 F.3d at 476. In

8

such a circumstance, the offer to sell is fraudulent in the sense that the person offering the bridge or the drug does not have the intent to distribute or sell the item. A "crime not involving the mental culpability to commit a substantive narcotics offense [does not] serve as a predicate 'controlled substance offense'" under the Guidelines. United States v. Liranzo, 944 F.2d 73, 78-79 (2d Cir. 1991).

In the instant case, the Defendant received an enhanced punishment as a result of his prior drug offense. The decision in Johnson requires that the Defendant's sentence be vacated because, like the ACCA enhancement, the statutory enhancement the defendant received in this case is unconstitutionally vague. Although the determination of whether an offense qualifies as a controlled substance offense may appears on its face to be a simple determination, the case law addressing the issue over the years demonstrates difficulty and arbitrary results when determining whether an offense qualifies as a controlled substance offense. Accordingly, Defendant's sentence should be vacated.