# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Terrance Lamar Wiggins ) <br>     a/k/a T-Wig ) <br>     a/k/a Barnwell, ) <br>     ) <br>     Movant, ) <br>     ) <br> vs. ) <br>     ) <br> United States of America, ) <br>     ) <br>     Respondent. ) <br> _____) | Criminal Case Number: 1:12-00333-MBS <br><br><br> **OPINION AND ORDER** |

Movant Terrance Lamar Wiggins ("Movant"), a federal inmate proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on September 28, 2015. ECF No. 178. The government filed a response in opposition to Movant's motion (ECF No. 197) and a motion for summary judgment (ECF No. 198) on March 16, 2016. On March 25, 2016, the court issued an order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 199. Movant filed a response in opposition to the government's motion on April 26, 2016. ECF No. 202.

## I.     Factual and Procedural Background

From 2005 through 2012, Movant was involved in a drug conspiracy to distribute kilogram quantities of cocaine in Barnwell County, South Carolina, and surrounding areas of South Carolina. Record of Transcript, ECF Nos. 167 at 53:15-20; 152 at 41:8-12. In 2005, Drug Enforcement Administration ("DEA") agents began investigating drug and weapons violations in the Barnwell County area, and several cooperating witnesses detailed participating in drug trafficking activities with Movant. ECF No. 127. During a companion investigation into cocaine

1

trafficking in counties of Barnwell, Allendale, and Hampton, South Carolina, several cooperating witnesses described their direct involvement with Movant in the distribution of cocaine. *Id.* Based on the cooperating witnesses' information, federal investigators obtained a search warrant for Movant's residence in Barnwell, South Carolina. ECF No. 167 at 30:8-11. On March 28, 2012, federal agents executed a search warrant at Movant's residence and found more than $458,802.00 in cash, quantities of marijuana and cocaine, scales, six firearms, kilogram packaging materials, and other paraphernalia often used in the distribution of cocaine in kilogram quantities. ECF Nos. 127-2, 129-2. Agents also searched Movant's mother's home, to which she consented. ECF No. 127-2 at 2. In Movant's mother's home agents discovered an additional $175,455.00 in cash that Movant had hidden and stored mostly throughout Movant's brother's bedroom, master bathroom tub, and mother's closet. ECF Nos. 127, 127-2. After the discovery of the money and safe in Movant's mother's residence, Movant asserted that his mother and brother did not have knowledge of the money being stashed in their home. ECF No. 127. Movant claims that he "sneaked" the cash and the safe into his mother's home; however, agents noted that the safe was inside a closet surrounded by women's clothing and was bolted to the floor. *Id*.

On April 17, 2012, the grand jury charged Movant as the sole individual named in a four-count indictment charging that Movant knowingly and intentionally did combine, conspire and agree with others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and distribute cocaine, a Schedule II controlled substance, said conspiracy involving 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 (Count One); knowingly, intentionally, and unlawfully did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Count Two); knowingly did possess a firearm

in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three); and, as a felon, did knowingly did possess firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (Count Four). ECF No. 20 at 1-3. On April 18, 2012, the government filed a notice of enhanced penalty informing Movant that, pursuant to 21 U.S.C. § 851, he was subject to increased penalties based on a previous felony drug conviction. ECF No. 26. On May 2, 2012, Movant entered a plea of not guilty to the charges in the indictment. ECF No. 46.

On April 23, 2012, Movant represented by his attorney's law partner, George C. Johnson, met with DEA Agent Barry Wilson regarding a proffer agreement. ECF No. 197-1 at 1. Movant's attorney, Bryon E. Gipson ("Counsel"), was not able to attend this first proffer session due to a family emergency. *Id*. At the meeting, Agent Wilson told Movant that if he was not truthful, "all bets were off" and he would be in breach of his proffer agreement. *Id*. Movant stated that he understood and that he was ready to begin the interview. *Id*. During the interview, Movant became hesitant when he was asked about his mother's involvement in his drug trafficking activities. *Id*. Consequently, Agent Wilson and Mr. Johnson agreed to postpone the interview until Counsel could meet with Movant. *Id*.

On May 15, 2012, Movant, Counsel and federal agents met again regarding a proffer. *Id*. at 2. Movant signed the proffer agreement, and proceeded to provide information about his role and knowledge of others included in the indictment. *Id*. Once again, Movant became hesitant when he was asked questions about his family and their knowledge of his illegal activities. *Id*.

Subsequently, at one of Counsel's visit to the Lexington County Detention Center, Movant informed Counsel that he no longer wished to cooperate with the government. *Id*. Movant explained that his family's minister prophesied that he would be coming home and the

prophecy should supersede cooperation with the government. *Id*. Movant stated that he would no longer speak or cooperate with the government or federal agents; he wanted to go to trial. *Id*. Counsel advised Movant that this was a "poor decision" and that his obligation to remain truthful would still remain in effect. *Id*.

On May 2, 2012, Movant rejected a plea agreement. ECF No. 46. The government advised Movant that the government wanted to complete its debriefing. ECF No. 197-1 at 2. On October, 28, 2012, the proffer/debriefing continued. *Id*. After the proffer, the government informed Counsel and Movant that they believed Movant had provided false material statements related to the case. *Id*. A polygraph test was scheduled for November 28, 2012. *Id*.

Prior to the polygraph exam, the polygraph administer asked Movant to confirm his previous statements about his family not being involved in his drug trafficking activities and not having knowledge about the money found in his mother's home. *Id*. Movant altered his statement and informed the polygraph administer that his family was in fact aware of the activities and money. *Id*. at 3. Consequently, the government determined that the polygraph was not necessary since Movant admitted that he provided false information during the proffer sessions. *Id*.

On December 4, 2012, a pre-trial conference was held before the Honorable Margaret B. Seymour. ECF No. 146. The court granted the government's motion to hold Movant in breach of his proffer agreement. ECF No. 146 at 62:21-24. Therefore, the information Movant provided investigators detailing his knowledge of participation in drug trafficking activities with cocaine suppliers Christopher Davis and Manuel Soto-Gonzalez was later included in the presentence report.

From December 10-12, 2012, a jury heard Movant's case. ECF No. 166. On December 12, 2012, the jury found Movant guilty as to Count One, Count Three, and Count Four. ECF No. 168 at 19-20; ECF No. 106. The jury found Movant not guilty as to Count Two. *Id*.

On May 7, 2013, a presentence investigation report was filed with the court. ECF No. 127. The presentence report included a revised addendum that stated any objections made by the government and Movant. The government had no objections to the presentence report. ECF No. 127-1. Movant made the following objections: (1) to Paragraph 87, which stated that he directed his brother or his brother assisted him in selling illegal drugs; (2) to Paragraph 88, which provided an enhancement for obstruction of justice because Movant eventually divulged the location of his assets; (3) to not receiving credit for acceptance of responsibility nor for providing information to the government; (4) to being held responsible for 200 kilograms of cocaine; and (5) to Paragraph 86, which provided a four level enhancement based on level of participation. ECF Nos. 127-1 at 1-4; 127-3.

On May 8, 2013, the court held a sentencing hearing. The court denied Movant's motion for a variance below Movant's calculated advisory guideline sentence. ECF No. 152 at 45:13-14. The court overruled Movant's objections to the presentence report. ECF No. 130. Movant was sentenced to imprisonment for life as to Count One, one hundred twenty months as to Count Four, and sixty months as to Count Three, said terms to run concurrently. *Id*. at 42:12-16. On May 23, 2013, Movant filed a timely notice of appeal from the judgment and sentence entered. ECF No. 135. Movant did not retain representation for the appeal. *Id*. On July 15, 2014, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the district court. ECF No. 177-1.

On September 28, 2015, Movant, proceeding pro se, filed a timely motion under 28 U.S.C. § 2255 to vacate his sentence. In the memorandum accompanying his motion, Movant asserts one ineffective assistance of counsel claim and three substantive grounds for relief as follows:

> GROUND ONE: Defendant received ineffective assistance of counsel during trial when counsel advised the Defendant to submit to a proffer interview where Defendant provided made (sic) incriminating statements that were later used against him during trial.
>
> GROUND TWO: Defendant's Fifth Amendment right to due process and a fair trial were violated when the court permitted self-incriminating statements made during an immunity proffer to be used against the Defendant at trial.
>
> GROUND THREE: Defendant's right to counsel was violated when counsel labored under a conflict of interest at trial. Defense counsel was witness to the disputed proffer interview and therefore, should have been called as a witness for the defense at trial in order to testify concerning the statements made by defendant during the proffer interview.
>
> GROUND FOUR: Defendant's sentence must be vacated because he no longer qualifies as an armed career criminal or a career criminal in light of the Supreme Court's decision in *Johnson v. United States*[, __, U.S. __;135 S. Ct. 2551 (2015)].

ECF No. 178.

On March 16, 2016, the government filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b). ECF No. 198. The government asserts that Movant failed to meet his burden of showing error for his ineffective assistance of counsel claim, and his remaining claims are procedurally improper since they were not properly raised at trial and/or direct appeal. ECF No. 197.

## II.     Legal Standard

Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986). In determining whether a genuine issue of material fact has been raised, the court must construe all inferences and ambiguities against the Movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id*.

A federal prisoner in custody may challenge to vacate, set aside, or correct his sentence by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. § 2255(b). A hearing is not required on a § 2255 motion if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." *Id*.

### III.   Discussion

A. <u>Ineffective Assistance of Counsel (Ground One)</u>

Movant contends that he received ineffective assistance of counsel "when his attorney advised him to submit to a proffer session and then allowed that statement to be introduced against him at trial." ECF No. 202 at 1. To prove ineffective assistance of counsel, Movant must show that counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland* Movant is required to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. "[T]he standard of reasonableness is highly deferential" and the court should refrain from second guessing counsel's performance. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id* at 694. Thus, Movant also must demonstrate that he was prejudiced by counsel's alleged deficient performance, *i.e.*, that there is a reasonable probability that the result of the proceeding would have been different. *See id*. at 694.

Movant contends that Counsel was ineffective as Counsel advised Movant to proffer pursuant to a proffer agreement. ECF No. 178-1 at 2-3. Movant contends that Counsel was ineffective for (1) failing to ensure that the proffer agreement would prevent the Government from using Defendant's statements at trial and (2) failing to advise Movant that the Government could use the statements made during the interview against Movant at trial. Respondent contends that, "[a]ccording to [the proffer agreement's] plain terms, the proffer protected [Movant] only if [Movant] was truthful." ECF No. 197 at 4-5. Through a signed affidavit, Counsel asserts that he met with Movant and explained "in great detail the role of proffers and plea agreements." ECF

8

No. 197-1 at 1. Counsel states that his partner also explained the proffer agreement to Movant before the first proffer session. *Id.* Prior to the second session, Counsel asserts that he again explained the proffer process and "specifically showed him the 'null and void' language in the proffer and further advised him not to cooperate if he was not willing to tell the entire truth." *Id.* at 2 (emphasis in original). Movant responds that counsel failed to advise him that statements made during the proffer interview could be used against him at trial. ECF No. 178-1 at 3. There is a genuine issue of material fact whether Movant was properly informed about the proffer process, specifically whether Counsel advised Movant that his statements could be introduced at trial if Movant was untruthful. If Movant was not properly advised of the proffer process and the need to be truthful, this could have prejudiced Movant at trial. Accordingly, the court will hold an evidentiary hearing regarding whether Counsel informed Movant of the potential consequences of a proffer agreement.

B. Remaining Grounds for Relief

The resolution of the remaining grounds will be held in abeyance until the court resolves whether counsel failed to properly inform Movant of the potential consequences related to a proffer agreement.

## IV.    Conclusion

The court will hold an evidentiary hearing in accordance with Rule 8(a) of the Rules Governing Section 2255 Proceedings. Counsel will be appointed for this hearing under 18 U.S.C. § 3006A, a provided by Rule 8, unless Movant elects to obtain his own counsel. Movant must inform the court if he elects to obtain his own counsel within thirty (30) days from the date of this order. If the court does not receive notice from Movant, the court will appoint counsel under 18 U.S.C. § 3006A. Any appointment of counsel will be limited solely to the evidentiary hearing

addressing one portion of Movant's first ground for relief: whether Counsel properly informed Movant the consequences of submitting to a proffer session. Movant is directed to bring to this hearing any and all supporting documentation he has in his possession regarding Ground One.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
Senior United States District Court Judge

December 16, 2016
Columbia, South Carolina