# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Terrance Lamar Wiggins )<br>    a/k/a T-Wig )<br>    a/k/a Barnwell, )<br>)<br>    Movant, )<br>)<br>vs. )<br>)<br>United States of America, )<br>)<br>    Respondent. )<br>_____) | Criminal Case Number: 1:12-cr-00333-MBS<br><br><br>**OPINION AND ORDER** |

Movant Terrance Lamar Wiggins ("Movant"), a federal inmate proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on September 28, 2015. ECF No. 178. The government filed a response in opposition to Movant's motion (ECF No. 197) and a motion for summary judgment (ECF No. 198) on March 16, 2016. On March 25, 2016, the court issued an order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 199. Movant filed a response in opposition to the government's motion on April 26, 2016. ECF No. 202. On December 19, 2016, the court ordered an evidentiary hearing on Ground One. ECF No. 203. On May 25, 2017, at the conclusion of the evidentiary hearing, the court granted the government's motion for summary judgment on Ground One. ECF No. 210. Movant has three remaining grounds for relief. For the reasons stated below, the government's motion for summary judgment on the remaining grounds is granted and Movant's motion to vacate pursuant to § 2255 is denied.

1

## I. Factual and Procedural Background

From 2005 through 2012, Movant was involved in a drug conspiracy to distribute kilogram quantities of cocaine in Barnwell County, South Carolina, and surrounding areas of South Carolina. Record of Transcript, ECF Nos. 167 at 53:15-20; 152 at 41:8-12. In 2005, Drug Enforcement Administration ("DEA") agents began investigating drug and weapons violations in the Barnwell County area and several cooperating witnesses detailed participating in drug trafficking activities with Movant. ECF No. 127. During a companion investigation into cocaine trafficking in the counties of Barnwell, Allendale, and Hampton, South Carolina, several cooperating witnesses described their direct involvement with Movant in the distribution of cocaine. *Id.* Based on the cooperating witnesses' information, federal investigators obtained a search warrant for Movant's residence in Barnwell, South Carolina. ECF No. 167 at 30:8-11. On March 28, 2012, federal agents executed the search warrant at Movant's residence and found more than $458,802.00 in cash, quantities of marijuana and cocaine, scales, six firearms, kilogram packaging materials, and other paraphernalia often used in the distribution of cocaine in kilogram quantities. ECF Nos. 127-2, 129-2. Agents also searched Movant's mother's home, to which she consented. ECF No. 127-2 at 2. In Movant's mother's home agents discovered an additional $175,455.00 in cash that Movant had hidden and stored mostly throughout Movant's brother's bedroom, his mother's closet, and the master bathroom bathtub. ECF Nos. 127, 127-2.

On April 17, 2012, the grand jury named Movant as the sole individual in a four-count indictment charging that Movant knowingly and intentionally did combine, conspire and agree with others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and distribute cocaine, a Schedule II controlled substance, said conspiracy involving 5 kilograms or more of cocaine, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A), 846 (Count One); knowingly, intentionally, and unlawfully did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Count Two); knowingly did possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three); and, as a felon, did knowingly possess firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (Count Four). ECF No. 20 at 1-3. On April 18, 2012, the government filed a notice pursuant to 21 U.S.C. § 851, informing Movant that he was subject to increased penalties based on a previous felony drug conviction. ECF No. 26. On May 2, 2012, Movant entered a plea of not guilty. ECF No. 46.

From December 10-12, 2012, a jury heard Movant's case. ECF No. 166. On December 12, 2012, the jury found Movant guilty as to Count One, Count Three, and Count Four. ECF No. 168 at 19-20; ECF No. 106. The jury found Movant not guilty as to Count Two. *Id*.

On May 7, 2013, a presentence investigation report ("PSR") was filed with the court. ECF No. 127. The PSR included a revised addendum that stated the government had no objections to the PSR. ECF No. 127-1. Movant made the following objections: (1) to Paragraph 87, which stated that he directed his brother or his brother assisted him in selling illegal drugs; (2) to Paragraph 88, which provided an enhancement for obstruction of justice because Movant initially refused to divulge the location of his assets; (3) to not receiving credit for acceptance of responsibility nor for providing information to the government; (4) to being held responsible for 200 kilograms of cocaine; and (5) to Paragraph 86, which provided a four-level enhancement based on level of participation. ECF Nos. 127-1 at 1-4; 127-3. Movant moved for a variance arguing that he cooperated with the government and accepted responsibility. ECF No. 128 at 2.

At the sentencing hearing held on May 8, 2013, the court orally denied Movant's motion for a variance below Movant's calculated advisory guideline sentence and overruled Movant's objections to the presentence report. ECF No. 152 at 45:13-14; ECF No. 130. Movant was sentenced to imprisonment for life as to Count One; one hundred twenty months concurrent as to Count Four; and sixty months consecutive as to Count Three, as required by 18 U.S.C. § 924(c). *Id.* at 42:12-16. On May 23, 2013, Movant filed a timely notice of appeal from the judgment and sentence entered. ECF No. 135. The Fourth Circuit Court of Appeals appointed John M. Ervin, III to represent Movant on appeal. ECF No. 140. Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there were no meritorious issues for appeal "but question[ed] whether the district court erred in denying [Movant's] motion for judgment of acquittal on the § 924(c) count." ECF No. 176 at 2. Movant was advised of his right to file a pro se supplemental brief but Movant failed to do so. *Id.* On July 15, 2014, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the district court. ECF No. 177-1.

On September 28, 2015, Movant filed a timely motion under 28 U.S.C. § 2255 to vacate his sentence. In the memorandum accompanying his motion, Movant asserts one ineffective assistance of counsel claim and three substantive grounds for relief as follows:

> GROUND ONE: Defendant received ineffective assistance of counsel during trial when counsel advised the Defendant to submit to a proffer interview where Defendant provided made (sic) incriminating statements that were later used against him during trial.
>
> GROUND TWO: Defendant's Fifth Amendment right to due process and a fair trial were violated when the court permitted self-incriminating statements made during an immunity proffer to be used against the Defendant at trial.
>
> GROUND THREE: Defendant's right to counsel was violated when counsel labored under a conflict of interest at trial. Defense counsel was witness to the disputed proffer interview and therefore, should

4

> have been called as a witness for the defense at trial in order to testify concerning the statements made by defendant during the proffer interview.
>
> GROUND FOUR: Defendant's sentence must be vacated because he no longer qualifies as an armed career criminal or a career criminal in light of the Supreme Court's decision in *Johnson v. United States*[, __, U.S. __;135 S. Ct. 2551 (2015)].

ECF No. 178.

On March 16, 2016, the government filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b). ECF No. 198. As stated above, the court granted summary judgment on Ground One at the conclusion of the evidentiary hearing. ECF No. 210. The court found that Movant's attorney properly informed Movant of possible consequences he faced if he breached his proffer agreement. Accordingly, the court held Movant did not show ineffective assistance of counsel. The government asserts that Movant's remaining claims are procedurally improper since they were not properly raised at trial and/or direct appeal. ECF No. 197 at 6-7. Lastly, the government argues that *Johnson* is inapplicable. *Id.* at 8.

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In determining whether a genuine issue of material fact has been raised, the court must construe all inferences and ambiguities against the Movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the

moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id*.

A federal prisoner in custody may challenge to vacate, set aside, or correct his sentence by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. § 2255(b). A hearing is not required on a § 2255 motion if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." *Id*.

### III.     Discussion

A. Substantive Grounds for Relief (Grounds Two and Three)

Movant contends that his Fifth Amendment right to due process was violated when the court permitted self-incriminating statements made pursuant to a proffer agreement to be introduced at trial. ECF No. 202. Movant further argues that his Sixth Amendment right to counsel was violated. Movants asserts that his counsel labored under a conflict of interest because he was a witness to the proffer interview and should have been called as a witness for the defense at trial. *Id.* Movant procedurally defaulted on these substantive claims pursuant to § 2255 as he did not raise the claims on appeal.

A claim raised for the first time in a § 2255 motion is generally not cognizable in federal courts. *United States v. Landrum*, 93 F.3d 122, 124 (4th Cir. 1996). Claims of violations of

6

constitutional rights that were not, but could have been, raised on appeal may not be asserted in collateral proceedings. *United States v. Frady*, 456 U.S. 152, 162-66 (1982). Movant's § 2255 motion concedes that he has not previously raised his claims of constitutional violations. ECF No. 178. Movant had the opportunity to raise these claims on direct appeal. While his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there were no meritorious claims for appeal, Movant was given the opportunity to file a supplemental brief. *United States v. Wiggins*, No. 13-4403, ECF No. 176 at 2. Movant failed to do so.

The court may consider Movant's claims if he can demonstrate "cause and prejudice" or actual innocence. *Dretke v. Haley*, 541 U.S. 386, 393 (2004). Movant does not assert actual innocence. *See* ECF No. 202 at 5-10. Accordingly, Movant must show "cause and prejudice" to overcome the procedural default. *Frady*, 456 U.S. at 167. To demonstrate cause for a procedural default, Movant must show that some objective factor external to the defense prevented counsel's efforts to raise the claim, such as novelty of the claim or ineffective assistance of counsel. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Movant has not met this burden. Movant has not pointed to any objective factor that prevented him from asserting Grounds Two or Three on appeal. Therefore, Movant is barred from raising these substantive claims in this § 2255 motion.

B. <u>Constitutional Ground for Relief Under *Johnson v. United States*</u>

Lastly, Movant claims relief under *Johnson*. ECF No. 202. In *Johnson*, the Supreme Court considered whether the residual clause in the Armed Career Criminal Act of 1984 ("ACCA"), which states that "any felony that 'involves conduct that presents a serious potential risk of physical injury to another,'" is unconstitutionally vague. 135 S. Ct. at 2555 (citing 18 U.S.C. § 924(e)(2)(B)). The Supreme Court held that the residual clause was unconstitutionally

7

vague because it "leaves grave uncertainty about how to estimate the risk posed by a crime" and is unclear about "how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2557-58. Accordingly, it failed to provide fair notice to defendants and invited arbitrary enforcement by judges. *Id.* at 2557. *Johnson* is not applicable as Movant was not sentenced under the ACCA. Movant attempts to extend *Johnson*, arguing that his qualification as a career offender under the United States Sentencing Guidelines ("U.S.S.G.") is similarly unconstitutionally vague. ECF No. 178-1 at 9. The Supreme Court held in *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at * 11 (U.S. Mar. 6, 2017), that the U.S.S.G. is advisory; therefore, not subject to void for vagueness challenges under the Fifth Amendment Due Process clause. Regardless, Movant was not considered a career offender under U.S.S.G. § 4B1.1. Movant was sentenced to life imprisonment based on the base offense level, specific offense characteristics, his role in the offense, and obstruction of justice enhancements. Movant's prior criminal history did not affect his sentence. ECF No. 129 at 29 ("**Chapter Four Enhancement:** None") (emphasis in original). Accordingly, the court grants the government's motion for summary judgment on Ground Four of Movant's § 2255 motion.

## IV.  Conclusion

For the foregoing reasons, the government's motion for summary judgment (ECF No. 198) is **GRANTED**, and Movant's § 2255 motion is **DENIED AND DISMISSED, WITH PREJUDICE**.

### Certificate of Appealability

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2553(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his

8

constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

 s/ Margaret B. Seymour
Honorable Margaret B. Seymour
Senior United States District Court Judge

Columbia, South Carolina
May 8, 2017